# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of GORSOAN LIMITED and GAZPROMBANK OJSC for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding,<br><br><br><br><br>Petitioners. | ) Case No.<br>) ECF CASE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION OF
GORSOAN LIMITED AND GAZPROMBANK OJSC FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY
<u>FOR USE IN A FOREIGN PROCEEDING</u>**

**INTRODUCTION**

Gorsoan Limited ("Gorsoan") and Gazprombank OJSC ("GPB", and together with Gorsoan, "Petitioners"), respectfully apply to this Court for an order permitting Petitioners to obtain certain discovery from Janna Bullock ("Bullock"), RIGroup LLC ("RIG LLC"), Stuart A. Smith ("Smith"), and Zoe Bullock Remmel ("Remmel," and together with Bullock, RIG LLC and Smith, the "Discovery Subjects") pursuant to 28 U.S.C. § 1782 ("Section 1782") in connection with a pending foreign proceeding in the District Court of Limassol (the "Cypriot Court") in the Republic of Cyprus (the "Cyprus Proceeding").

The Cyprus Proceeding is described in the accompanying declaration of Alexandros Tsirides (the "Tsirides Declaration" or "Tsirides Decl.").

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. This Application satisfies each of Section 1782's statutory requirements and each of the discretionary factors that courts consider when determining whether to allow discovery under Section 1782. The requested discovery is needed by Petitioners to support their claims and to seek relief in the Cyprus Proceeding.

**BACKGROUND**

**A. The Parties**

Gorsoan is a Limited Liability Company in Cyprus, and GPB is a Russian bank. Tsirides Decl. ¶ 4. Gorsoan and GPB are the two plaintiffs in the Cyprus Proceeding. Id.

Upon information and belief, Bullock resides in this District at 120 East 87th Street, New York, NY 10128. See Declaration of Owen C. Pell ("Pell Declaration" or "Pell Decl.") ¶ 2, Pell

2

Ex. 1.  Bullock is the primary defendant in the Cyprus Proceeding, in which Bullock is represented by Cypriot counsel.  See Tsirides Decl. ¶ 5.  In addition, upon information and belief, Bullock is (or was) on the Boards of companies that are co-defendants in the Cyprus Proceeding, including Solferino Developments S.A. ("Solferino").  Tsirides Decl. ¶ 40.

Upon information and belief, RIG LLC is a Delaware limited liability company whose sole member is Bullock.  See Pell Decl. ¶ 3, Pell Ex. 2, at 3.  Upon information and belief, RIG LLC has its principal place of business in New York, New York.  Id.  RIG LLC is not a party to the Cyprus Proceeding.  Tsirides Decl. ¶ 43.

Upon information and belief, Smith is a resident of New York and a New York-licensed attorney who represents Bullock and RIG LLC in New York.  See Pell Decl. ¶¶ 3-4, Pell Exs. 2-3.  According to information filed in the Cyprus Proceeding, Smith is (or was) on the Board of Solferino, a Luxembourg corporation and one of Bullock's co-defendants in the Cyprus Proceeding.  Tsirides Decl. ¶ 40.  Smith is not a party in the Cyprus Proceeding.  Id. ¶ 43.

Upon information and belief, Remmel (formerly known as Zoya Kuznetsova) is Bullock's adult daughter and either resides or may be found in this District.  See Pell Decl. ¶¶ 5-6, Pell Exs. 4-5.  Upon information and belief, Remmel is (or was) also on the Board of Solferino.  Tsirides Decl. ¶ 40.  Remmel is not a party in the Cyprus Proceeding.  Id. ¶ 43.

**B.  The Cyprus Proceeding – Nature of Claims**

The Cyprus Proceeding is a civil suit brought by Gorsoan and GPB in August 2012 in the District Court of Limassol in Cyprus.  Tsirides Decl. ¶ 5.  In the Cyprus Proceeding, the Petitioners claim that Bullock, her ex-husband Alexey Kuznetsov ("Kuznetsov") and several co-conspirators orchestrated a fraudulent scheme using a number of Russian and offshore corporate entities, and seek to recover over $20 million in damages.  See id.  The Tsirides Declaration

3

quotes the Writ of Summons filed by the Petitioners in the Cyprus Proceeding, stating that Petitioners seek from Bullock, Kuznetsov and thirteen corporate entities "the amount of US$20,967,324, alternatively EUR16,947,384 as damages for fraud, conspiracy to defraud, defrauding creditors, unlawful means conspiracy, procuring breach of contract, unlawful interference, causing damage by unlawful means, dishonest assistance in breach of trust or fiduciary duty." Id. at 9.   There are a number of other parties named in the Cyprus Proceeding from whom the Petitioners seek only discovery and against whom no claims are asserted. Id. at 10.

According to the claims in the Cyprus Proceeding, between 2005 and 2007, GPB invested approximately $23 million in certain municipal bonds issued by entities affiliated with the Moscow Region government in Russia (the "Bonds"). Id. at 20.  At the time, Kuznetsov (then Bullock's husband) was the Minister of Finance in the Moscow Region government. Id. The Bonds were purportedly intended to finance construction projects in the Moscow Region. Id.  at 21.  The Petitioners allege in the Cyprus Proceeding that Bullock, Kuznetsov and their co-conspirators, using a Russian subsidiary of RIG LLC called OOO RIGroup Russia ("RIG Russia") and a number of offshore corporate vehicles they owned or controlled such as Laziar Holdings Limited ("Laziar"), diverted many millions of dollars from the proceeds of the Bonds and used the funds to acquire for their own purposes lavish real estate in France and elsewhere and other luxury assets (such as a yacht). Id.  at 22-24, 40.

One of the defendants in the Cyprus Proceeding is Solferino, which, according to an affidavit filed by a GPB employee in August 2012 in the Cypriot Court, was a Luxembourg company owned by the Cypriot company Laziar, which is owned by RIG LLC (and therefore by Bullock); Solferino, in turn, owned a French company called SAS Société des Hôtels d'Altitude,

4

which held French hotel assets through several French subsidiaries. Id. at 40-41.  In the Cyprus Proceeding, Bullock and her co-conspirators are alleged to have used Solferino and these French entities (which are co-defendants in the Cyprus Proceeding) to defraud investors in the Bonds like GPB by acquiring hotels/resorts in France with the proceeds of the Bonds, rather than using the funds for real estate development in the Moscow Region, as the funds were meant to be used. Id.  According to the same affidavit filed in the Cyprus Proceeding, Solferino's Board was comprised of Bullock, Smith and Remmel. Id. at 40.

In April 2010, GPB assigned to Gorsoan all of GPB's rights as a purchaser of the Bonds, and in July 2012, GPB further assigned to Gorsoan its legal rights related to the fraud perpetrated by Bullock, Kuznetsov and their co-conspirators. Id. at 25.

### C.  The Cyprus Proceeding – Progression of the Case

On August 14, 2012, the Cypriot Court, upon an *ex parte* application by the Petitioners, issued worldwide freezing injunctions ("Interim Freezing Injunction") against Bullock and her co-conspirators, ordering that their assets anywhere in the world be frozen up to the amount of up to about $26 million. Id. at 11-12.  Bullock was personally served in New York with the Interim Freezing Injunction on September 17, 2012.  See id. at 14-15.  In March 2013, the Cypriot Court ordered the continuation of the Interim Freezing Order for the duration of the Cyprus Proceeding, and also granted Gorsoan's and GPB's requests for discovery from Bullock and other defendants (the "Freezing and Disclosure Order"). Id. at 28-30.  Bullock was personally served in New York with the Freezing and Disclosure Order on April 24, 2013. Id. at 30.  Though Bullock and other co-defendants that Bullock is alleged to own and/or control have appealed the Freezing and Disclosure Order in Cyprus, it remains in force. Id. at 31.

NEWYORK 9052262

In October 2013, the Cypriot Court entertained argument and briefing on an application filed by Bullock and other defendants in the Cypriot Court in late 2012 to stay or set aside the Cyprus Proceeding based on a lack of jurisdiction, improper service and other procedural grounds. See id. at 32-33.   On November 5, 2013, the Cypriot Court issued a written decision (the "November 2013 Decision"), denying Bullock's set-aside application, and affirming the Cypriot Court's proper jurisdiction. See id. at 34-35.  Bullock has not appealed the November 2013 Decision in Cyprus. Id. at 35.

Bullock and other defendants in the Cyprus Proceeding that Bullock is alleged to own and/or control have failed to comply with the Freezing and Disclosure Order, although in addition to the Cypriot Court, courts in France and the British Virgin Islands (BVI) have recognized and sought to enforce the Freezing and Disclosure Order as to French and BVI defendant companies named in the Cyprus Proceeding. See id. at 36.  Bullock has not made *any* disclosure (i.e., has not complied with its discovery obligations) in the Cyprus Proceeding. See id.

However, many of the third-party defendants named in the Cyprus Proceeding have complied with their discovery obligations in the Cypriot Court pursuant to the Freezing and Disclosure Order. Id. at 36a.  The documents that these third-parties have produced have revealed a trust structure established to benefit Bullock, as well as myriad other offshore corporate entities that Bullock and her co-conspirators may have used in carrying out the fraud alleged in in the Cyprus Proceeding. See id. at 36a and 36b.

NEW YORK 9052262

**D.   Scope of Discovery Sought In This Application**

By this Application, Petitioners seek information to assist them in obtaining relief in the Cyprus Proceeding.   Among other things, the requested discovery is relevant to Petitioners' claims in the Cyprus Proceeding.

As set out in more detail in the draft discovery requests attached as Exhibits 6-9 to the Pell Declaration, Petitioners seek information from Bullock and RIG LLC (of which she is the sole member, see Pell Ex. 2, at 3) regarding the issuance of the Bonds in Russia, and the various transactions benefitting Bullock and her companies allegedly accomplished through the fraudulent diversion of investments in the Bonds.

Given that Bullock has refused to comply with her discovery obligations in the Cyprus Proceeding even after the Cypriot Court recently affirmed the propriety of its jurisdiction in the November 2013 Decision (see Tsirides Decl. at 36), it is appropriate under Section 1782 to compel Bullock to produce documents and testify at a deposition with respect to the allegations against her, including her knowledge of Solferino's activities in her capacity as a member of Solferino's Board and as Solferino's ultimate beneficial owner (see Tsirides Decl. at 40).

As the ultimate parent company of many of the corporate defendants in the Cyprus Proceeding, RIG LLC should be required to produce documents concerning the ownership structure among RIG LLC, RIG Russia, Laziar, Solferino and the other companies used by Bullock to perpetrate the alleged fraud.  See Tsirides Decl. at 41.

Petitioners primarily seek from Smith and Remmel the production of documents and deposition testimony regarding the nature of their appointment to Solferino's Board, as well as Solferino's activities in connection with the alleged fraud.  See id. at 40.  Petitioners also seek information regarding a private arbitration proceeding in 2012 between RIG LLC and Laziar,

7

which purported to result in an arbitral award to RIG LLC of roughly €34 million plus interest, which award was apparently enforced by a New York state court in June 2012, as Smith was involved in said arbitration on behalf of RIG LLC. See id. at 42.

## ARGUMENT

Section 1782 was enacted to provide a procedure pursuant to which parties such as Petitioners could obtain "federal court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Under Section 1782, a district court may grant an application for discovery where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." Id. at 249; see also Marubeni America Corp. v. LBA Y.K., 335 Fed. App'x 95, 96 (2d Cir. 2009) (citing Schmitz v. Bernstein Liebhard & Lifshitz LLP, 376 F.3d 79, 83 (2d Cir. 2004)). Courts also consider four additional, discretionary factors: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal and (4) whether the request is overly intrusive or burdensome. Id. at 97 (citing Intel, 542 U.S. at 265). Under all of these factors, Petitioners are entitled to the discovery they seek here.

NEWYORK 9052262

## I.   THE SECTION 1782 STATUTORY REQUIREMENTS ARE MET

### A.   <u>The Discovery Subjects Are Found Or Reside In The Southern District Of New York</u>

Courts broadly interpret the first statutory element which requires that the discovery respondent be "found" or "reside" within the district.  <u>See</u> <u>In re Edelman</u>, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district.").  Generally, as long as a respondent is located in or can be found within the district, this first element will be satisfied.

Here, all four of the Discovery Subjects reside or can be found within this District for purposes of granting the requested discovery.  According to public records, both Janna Bullock and her daughter Zoe Bullock Remmel (formerly Zoya Kuznetsova) keep a residence in a Manhattan building located at 120 East 87th Street, New York, New York 10128.  <u>See</u> Pell Decl. ¶¶ 2, 5; Pell Exs. 1,4.  Smith is a New York-licensed attorney who maintains an office in Manhattan at 425 Park Avenue, 27th Floor, New York, New York, 10022.  Pell Decl. ¶ 4, Pell Ex. 3.  Finally, RIG LLC has represented in a pleading filed in a New York court that it is a "Delaware limited liability company with a principal place of business in New York, NY."  Pell Ex. 2, at 3.  Moreover, the same pleading discloses that Bullock is the "sole member" of RIG LLC—an alternate reason why RIG LLC can be "found" in this District.  <u>Id.</u>

### B.   <u>The Discovery Sought Is "For Use" In A Foreign Proceeding</u>

The second statutory requirement of Section 1782 is comprised of two subcomponents: (i) the requested discovery must be "for use" (ii) in a foreign "proceeding" in which an "adjudicative function is being exercised."  <u>See</u> <u>Lancaster Factoring Co. Ltd.</u> v. <u>Mangone</u>, 90 F.3d 38, 41 (2d Cir. 1996)).

9

Here, the requested discovery is intended for use in the Cyprus Proceeding.   The Cyprus Proceeding has been pending in the Cypriot Court for nearly sixteen months, and has been actively litigated there by Bullock and other defendants. See Tsirides Decl. at 5, 33.  U.S. courts have previously granted applications for discovery under Section 1782 for use in Cypriot court proceedings, which are indisputably "adjudicative" in nature.  See Weber v. Finker, 554 F.3d 1379, 1381 (11th Cir.), cert. denied 558 U.S. 816 (2009); In re Bank of Cyprus Public Co. Ltd., 10-mc-00294-SRC, slip op. at *2 (D.N.J. Jan. 13, 2011); see also In re Bank of Cyprus Public Co. Ltd., 10 Misc. 23, 2011 WL 223168, at *2 (S.D.N.Y. Jan. 21, 2011) (agreeing that it was appropriate to grant the requested discovery for use in Cypriot litigation, but determining that such discovery would be obtained through a Section 1782 application brought in New Jersey).

The requested discovery is directly relevant to Petitioners' claims in the Cyprus Proceeding, in which Bullock herself has obstinately resisted the Cypriot Court's discovery orders, while the other Discovery Subjects (i.e., RIG LLC, Smith and Remmel) are likely to possess knowledge of the alleged fraud, but are non-parties in the Cyprus Proceeding who are beyond the Cypriot Court's jurisdiction.  Thus, the discovery is unquestionably "for use" in a foreign proceeding.

## C.  The Petitioners Are Interested Persons Under Section 1782

Under Section 1782, an "interested person" includes "a party to the foreign . . . litigation." Lancaster Factoring, 90 F.3d at 42 (quoting Senate Report at 8, 1964 U.S.C.C.A.N. at 3789).  As the parties that instituted the Cyprus Proceeding and have continued to press their claims, Petitioners both clearly qualify as "an interested person" within the meaning of Section 1782.  See Intel, 542 U.S. at 256 ("No doubts litigants are included among, and may be the most common example of, 'interested person[s]' who may invoke [section] 1782.").

10

## II. THE APPLICATION SHOULD ALSO BE GRANTED IN THE EXERCISE OF THE COURT'S DISCRETION

Once the statutory requirements of Section 1782 are met, as they are here, the Supreme Court described four factors that courts may consider in awarding Section 1782 discovery: "(1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature and character of the foreign tribunal and the receptivity of the foreign tribunal to U.S. federal-court judicial assistance; (3) whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal and (4) whether the request is overly intrusive or burdensome." Intel, 542 U.S. at 264-265. All four of these factors weigh in favor of granting the discovery requested by the Petitioners here.

First, the question of whether the person from whom discovery is sought is a party in the foreign proceeding weighs in favor of granting the requested discovery. Here, three of the four Discovery Subjects (RIG LLC, Smith and Remmel) are non-parties in the Cyprus Proceeding, whereas Bullock herself is the first defendant in the Cyprus Proceeding. Tsirides Decl. ¶ 5, 42.

However, even where a discovery subject is a party or participant in the foreign proceeding, courts hold that discovery pursuant to Section 1782 is appropriate where, as here, participants in the foreign proceeding are unable to effectively obtain the requested discovery in the foreign proceeding. See Consorcio Minero S.A. v. Doe Run Resources Corp., No. 4:11–MC–583 (CEJ), 2011 WL 4550200, at *3 (E.D. Mo. Sept. 30, 2011) (permitting 1782 discovery as to participants in foreign proceedings where there was evidence "that the discovery may not be forthcoming in the Peruvian actions," including evidence that the persons from which discovery was sought failed to appear for a deposition or to comply with discovery requests); In re Carsten Rehder Schiffsmakler und Reederei Gmbh & Co., No. 6:08-mc-108-orl-35DAB, 2008 WL 4642378 (M.D. Fla. Oct. 17, 2008) ("[W]hile [respondent] is a party to the foreign action . . .

11

the evidence before the Court . . . suggests that . . . obtaining the information without this Court's assistance is by no means assured."); In re Servicio Pan Americano de Proteccion, C.A., 345 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (while the party whose materials were sought was subject to Venezuelan jurisdiction, production of the necessary documents was likely unobtainable under Venezuelan law; In re Application of Procter & Gamble Co., 334 F. Supp. 2d 1112, 1115 (E.D. Wis. 2004) (permitting 1782 discovery as to participants in foreign proceedings where obtaining discovery through foreign tribunals would be "inefficient and possibly ineffective").   Section 1782 discovery is regularly granted where the requested discovery is not available in the foreign proceeding because the discovery subject—even if a participant in the foreign proceedings—is located outside the foreign jurisdiction.  See In re Clerici, 481 F.3d 1324, 1334 (11th Cir. 2007) (granting discovery where the Panamanian Court could not enforce its order against the discovery subject directly while the discovery subject was in the US); In re Letter Request from the Dist. Ct. Stara Lubovna, No. 3:09-mc-20-34MCR, 2009 WL 3711924, at *2 (M.D. Fla. Nov. 5, 2009) (same).

Here, Bullock's refusal to comply with the Cypriot Court's orders as to discovery (i.e., the Freezing and Disclosure Order of March 2013) even now that the Cypriot Court has denied Bullock's set-aside application and affirmed its own jurisdiction (see Tsirides Decl. at 34-36), suggests that essential discovery from Bullock is likely to be unobtainable by the Petitioners in the Cyprus Proceeding, given that Bullock and the documents in her possession are located in the United States.  Furthermore, given that Bullock owns and controls RIG LLC as its sole member (see Pell Ex. 2, at 3), and exercises significant influence over Remmel (Bullock's adult daughter) and Smith (Bullock's New York lawyer), and given that Bullock, Remmel and Smith all serve(d) on the Board of Solferino, all of the Discovery Subjects should be made to provide Section 1782

12

discovery.  To release Bullock from discovery obligations that RIG LLC, Remmel and Smith should face would be illogical.  Accordingly, Section 1782 is the only effective way for the Petitioners to obtain the requested discovery from all of the Discovery Subjects.

Second, with regard to the nature and character of the foreign tribunal, it is entirely appropriate for Petitioners to seek the requested discovery in connection with the Cyprus Proceeding.  With the November 2013 Decision, the Cypriot Court has addressed and dismissed the objections of Bullock and other defendants to the Cypriot Court's jurisdiction and to the effectiveness of service of process on Bullock in the Cyprus Proceeding. Tsirides Decl. ¶ 34-35. Bullock has not appealed the November 2013 Decision. Id. at 35.

Third, this is not an attempt to circumvent the laws of Cyprus, Russia or any other laws applicable in the Cyprus Proceeding.  The Tsirides Declaration explains that "[n]either Cypriot law nor the rules of the Cypriot Court forbid the use in the Cyprus Proceeding of the relevant information that Gorsoan seeks in this Section 1782 Proceeding." Id. at 44.  In any case, in determining whether a Section 1782 application is merely an effort to circumvent foreign proof-gathering restrictions, the issue is whether the discovery is sought in bad faith. Minatec Fin. S.A.R.L. v. SI Group Inc., No. 1:08-cv-269, 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y. Aug. 18, 2008) ("[t]he primary issue for us is whether [Petitioner] is pursuing this discovery in bad faith.").  Here, Petitioners do not seek the requested discovery in bad faith.  To the contrary, Petitioners seek discovery pursuant to Section 1782 as their only viable option to obtain information from Discovery Subjects located in this District that is clearly relevant to the prosecution of Petitioners' claims in the Cyprus Proceeding.

Finally, the discovery requests are narrowly tailored and not unduly intrusive or burdensome.  In large part, Petitioners seek business records and communications that should be

13

readily available to Discovery Subjects. See Pell Exs. 6-9. Bullock has been on notice for over a year about the claims against her in the Cyprus Proceeding, and has been subject to discovery obligations in the Cyprus Proceeding at least since the Freezing and Disclosure Order was personally served on Bullock in New York in April 2013. The ample notice that Bullock has had can be imputed to RIG LLC, given that Bullock is its sole member. See Pell Ex. 2, at 3. Furthermore, Smith and Remmel should have known that by serving on the Board of Solferino together with Bullock, their knowledge of and participation in Solferino's activates might become a subject of inquiry. Smith may well be familiar with Bullock's business dealings as her New York lawyer since at least early 2012. See id. at 1, 16. Petitioners' request that these two individuals produce any relevant documents they have concerning Solferino and provide deposition testimony on the subject is not unreasonable. It bears noting that in the consideration of this factor, it is Petitioners' inability to obtain any discovery from Bullock in the Cyprus Proceeding that prompted this Application under Section 1782.[1]

## CONCLUSION

For the reasons set forth above, Petitioners Gorsoan and GPB respectfully request that this Court enter an order, pursuant to 28 U.S.C. § 1782, granting them leave to conduct the requested discovery.

---

[1] Even if the Court were to find the proposed discovery requests burdensome (which they are not), that factor standing alone would not be a basis to deny all discovery. See, e.g., Heraeus Kulzer, GmbH v. Biomet, Inc., 633 F.3d 591, 597 (7th Cir. 2011) ("If [petitioner is] asking for too much, the district court can and should cut down its request, but not to nothing, as it did. That was unreasonable, and therefore reversible.").

14

Dated:  New York, New York
        November 26, 2013

Respectfully submitted,


Owen C. Pell
Max Shterngel
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for Petitioners Gorsoan Limited and Gazprombank OJSC*

15