# Exhibit 5

IN THE DISTRICT COURT OF LIMASSOL
BEFORE: K. Stamatiou, P.D.C.

                                                        Action no.: 3573/2012

Between:

1. GORSOAN LIMITED
2. GAZPROMBANK OJSC

                                                        Plaintiffs

and

1. JANNA BULLOCK
2. ALEXEY KUZNETSOV
3. LAZIAR HOLDINGS LIMITED
4. NOVA PROVA ENGINEERING LIMITED
5. NOGION HOLDINGS LIMITED
6. NAKODA LIMITED
7. ALCORK LIMITED
8. HITNELL LIMITED
9. ELMWOOD VENTURES LIMITED
10. SOLFERINO DEVELOPMENTS S.A.
11. SARL PRALONG
12. SARL CRYSTAL
13. SCI CHATEU DU PUY ROBERT
14. EURL SOCIETE D'EXPLOITATION DE L'HOTEL CHATEU DU PUY ROBERT
15. SAS SOCIETE DES HOTELS D'ALTITUDE
16. C.P. PALEMA LIMITED
17. C.P. PALEMA SERVICES LIMITED
18. CYPROMAN SERVICES LIMITED
19. CHARAMBOS PAPAS, a.k.a. PAMBOS PAPAS
20. ZOULIAN MANAGEMENT LIMITED
21. ZOULIAN LIMITED
22. ELENI KINANI
23. MARIA ATZINI
24. GIANNA ANTONIOU
25. AFRODITI DIMITRIOU
26. GEORGIA MICHAIL
27. CHRISTIANA CHRISTOU
28. PANIKOS SYMEOU
29. CYPRUS POPULAR BANK PUBLIC CO LIMITED
30. HELLENIC BANK PUBLIC COMPANY LIMITED

                                                        Defendants

Legal – 3023738.1

Application by Plaintiffs (1) GORSOAN LIMITED and (2) GAZPROMBANK OJSC
Plaintiffs/Defendants

After hearing of the application in the presence of Mr. Tsirides and Mr. Dracos for Costas Tsirides & Co LLC and Dracos & Efthymiou LLC (Mr. A. Tsirides to receive judgment) lawyers for the Plaintiffs 1 and 2-Applicants, of Mr. Demetriades lawyer for Defendants 1, 3-5, and 7-15/Respondants (Ms. N. Erodotou to receive judgment), Ms. Papa for A. Sofocleous & Co lawyers for Defendants 16-19 and 23-27/Respondants, Ms. Erodotou for Symeou & Konnaris LLC for Defendant 28/Respondent, of Ms. Stivarou for Ioannides Demetriou LLC lawyers for Defendant 29/Respondent (Mr. Ayiomamitis to receive judgment) and Ms. Constantinou for Markides & Markides LLC, lawyers for Defendat 30/Respondent and after hearing of the allegations from or on behalf of the parties respectively,

THE COURT HEREBY ORDERS AS FOLLOWS:

1. The Order of paragraph 1 as has been modified by the Court on 14.8.2012 becomes absolute.

2. An order is issued by which the Court orders Defendants 1 – 15, and each Defendant separately, within 14 days from the date of service of this order to produce an affidavit which discloses all of their assets exceeding €10,000 in Cyprus and/or anywhere else in the world, referring to the specific location, whether these assets belong to them exclusively or jointly or separately, as a whole or under a trust or as another form of ownership, or directly or indirectly through other natural or legal entities, and furthermore to also attach to the said affidavit all relevant documents providing evidence of the existence and the location of these assets.

3. An order is issued by which the Court orders Defendants 16 to 19 and 23 to 27 and each Defendant separately, within 14 days from the date of service of this order to produce an affidavit and deliver it to the Applicants' lawyers, which said affidavit discloses, and to which are attached, copies of all documents in his/her/its control, power or possession (including, without restriction, documents that their employees have in their control, power or possession of) and which:

    (a) are associated with the Defendants 3 – 15, and/or with any of these Defendants separately, including, without restriction:

    (i) all documents mentioning the actual ownership of the Defendants 3 – 15, and/or of any of these Defendants separately, their actual owners and/or their ultimate beneficial owners, the full identity of those ultimate

beneficial owners, the addresses and contact details thereof, as well as the relevant trust deeds,

(ii) all documents relating to bank accounts in Cyprus and/or anywhere else in the world that belong directly or indirectly, wholly or partially, and beneficially or otherwise, to Defendants 3 – 15, and/or to any of these Defendants separately, including, without restriction, all documents submitted and/or lodged by the Defendants 16 – 19, and 23 – 27, and/or by any of these Defendants separately, to open bank accounts in the name of, or for the benefit or use of Defendants 3 – 15, and/or of any of these Defendants separately, all relevant corporate documents relating to the opening or management of these bank accounts, all documents mentioning the signatories of these bank accounts, and their full details, and bank statements, and/or other documents such as remittance and/or payment receipts,

(iii) all instructions Defendants 16 – 19 and 23 – 27, or any one of them, received from any person and by any means (including e-mail, fax or any other means) relating to management issues of the Defendants 3 – 15, and/or from any of these Defendants separately, including, without restriction, instructions on transactions, deposits, withdrawals, transfers, contracts, or on any other matter of any kind,

(iv) all documents relating to and/or showing the assets of Defendants 3 – 15, and/or the assets of any of those Defendants, in Cyprus and/or anywhere else in the world, whether these assets be in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or as a trust or as another form of ownership, or directly or indirectly through other natural or legal entities;

(b) are associated with any of the individuals who were owners, and/or ultimate beneficial owners:

i. of the Defendant 6 during the period from 21.12.2005 to date,

Legal – 3023738.1

    ii. of the Defendant 4 during the period from 20.06.2007 to 17.09.2007,

    iii. of the Defendant 5 during the period from 09.05.2006 to 17.07.2009,

    iv. of the Defendant 3 during the period from 07.12.2006 to date,

    v. of the Defendants 7 – 15 from the date of foundation to date,

including, without restriction, all documents relating to companies that belong or belonged to the said owners and/or ultimate beneficial owners, whether these companies be in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or as a trust or as another form of ownership, or directly or indirectly through other natural or legal entities;

  (c) are associated with the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov, including, without restriction:

i. all documents mentioning the Defendants' 1, and/or 2 full identity, and/or their addresses, and/or their contact details,

ii. all documents relating to companies (the **"Related Companies"**), (a) owned by the Defendants 1, and/or 2, and/or by Mr. Dmitry Kotlyarenko, and/or by Mr. Valery Nosov, and/or (b) of which companies the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov are the ultimate beneficiaries (whether these companies are in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or as a trust or as another form of ownership, or directly or indirectly through other natural or legal entities), and/or (c) in which the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov are officers,

iii. all documents relating to bank accounts in Cyprus and/or anywhere else in the world that are directly or indirectly, wholly or partially, and beneficially or otherwise, owned by the Defendants 1, and/or 2, and/or by Mr. Dmitry

Kotlyarenko, and/or by Mr. Valery Nosov, including, without restriction, all documents submitted and/or lodged by the Defendants 16 – 19, and 23 – 27, and/or by any of these Defendants separately to open bank accounts in the name of, or for the benefit or use of the Defendants 1, and/or 2, and/or of Mr. Dmitry Kotlyarenko, and/or for the use of Mr. Valery Nosov, all relevant corporate documents, relating to the opening or management of these bank accounts, all documents mentioning the signatories of these bank accounts, and their full details, and bank statements, and/or other documents such as remittance and/or payment receipts,

iv. all communications Defendants 16 – 19, and 23 – 27, and each Defendant separately, had with, and instructions they received from, the Defendants 1, and/or 2, and/or from Mr. Dmitry Kotlyarenko, and/or from Mr. Valery Nosov by any means (including e-mail, fax or any other means),

v. all communication Defendants 16 – 19, and 23 – 27, and each Defendant separately, had with, and instructions they received from, any person by any means (including e-mail, fax or any other means) relating to the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov, and/or the Related Companies,

vi. all documents relating to, and/or mentioning the Defendants 1, and/or 2 assets, and/or those of Mr. Dmitry Kotlyarenko, and/or of Mr. Valery Nosov in Cyprus and/or anywhere else in the world, whether these assets are in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or under a trust or under another form of ownership, or directly or indirectly through other natural or legal entities.

It is understood that the obligation of Defendant 16-19 and 23-27 is limited to documents and information in relation to the above which are in their possession today.

4. An order is issued by which the Court orders Defendant 28 within 14 days from the date of service of the order to produce an affidavit and deliver it to the Applicants'

lawyers, which said affidavit discloses, and to which are attached, copies of all documents he has in his control, power or possession (including, without restriction, documents that his employees have in their control, power or possession), and which:

(a) are associated with Defendants 7 – 9, and/or with any of these Defendants separately, including, without restriction:

(i) all documents mentioning the actual ownership of the Defendants 7 – 9, and/or of any of these Defendants separately, the actual owners and/or their ultimate beneficial owners, the full identity of those ultimate beneficial owners, the addresses and contact details thereof, as well as the relevant trust deeds,

(ii) all documents relating to bank accounts in Cyprus and/or anywhere else in the world that belong directly or indirectly, wholly or partially, and beneficially or otherwise, to the Defendants 7 – 9, and/or to any of these Defendants separately, including, without restriction, all documents submitted and/or lodged by the Defendant 28 to open bank accounts in the name of, or for the benefit or use of the Defendants 7 – 9, and/or of any of these Defendants separately, all relevant corporate documents, relating to the opening or management of these bank accounts, all documents mentioning the signatories of these bank accounts, and their full details, and bank statements, and/or other documents such as remittance and/or payment receipts,

(iii) all instructions Defendant 28 received from any person and by any means (including e-mail, fax or any other means) relating to management issues of the Defendants 7 – 9, and/or of any of these Defendants separately, including, without restriction, instructions on transactions, deposits, withdrawals, transfers, contracts, or on any other matter of any kind,

(iv) all documents relating to, and/or mentioning the Defendants' 7 – 9 assets, and/or any of those Defendants' assets separately, in Cyprus and/or anywhere else in the world, may these assets be in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or under a trust or as another form of ownership, or directly or indirectly through other natural or legal entities;

Legal – 3023738.1

(b) are associated with the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov, including, without restriction:

(i) all documents mentioning the Defendants' 1, and/or 2 full identity, and/or their addresses, and/or their contact details,

(ii) all documents relating to companies (the "Related companies"), owned by the Defendants 1, and/or 2, and/or by Mr. Dmitry Kotlyarenko, and/or by Mr. Valery Nosov, and/or of which companies the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov are the ultimate beneficiaries (whether these companies are in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or as a trust or as another form of ownership, or directly or indirectly through other natural or legal entities), and/or in which the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov hold an office,

(iii) all documents relating to bank accounts in Cyprus and/or anywhere else in the world that are directly or indirectly, wholly or partially, and beneficially or otherwise, owned by the Defendants 1, and/or 2, and/or by Mr. Dmitry Kotlyarenko, and/or by Mr. Valery Nosov, including, without restriction, all documents submitted and/or lodged by the Defendant 28 to open bank accounts in the name of, or for the benefit or use of, the Defendants 1, and/or 2, and/or of Mr. Dmitry Kotlyarenko, and/or of Mr. Valery Nosov, all relevant corporate documents, relating to the opening or management of these bank accounts, all documents mentioning the signatories of these bank accounts, and their full details, and bank statements, and/or other documents such as remittance and/or payment receipts,

(iv) all communications Defendant 28 had with, and instructions the said Defendant received from, the Defendants 1, and/or 2, and/or from Mr.

       Dmitry Kotlyarenko, and/or from Mr. Valery Nosov by any means (including e-mail, fax or any other means),

(v)    all communication Defendant 28 had with, and instructions the said Defendant received from, any person by any means (including e-mail, fax or any other means) relating to the Defendants 1, and/or 2, and/or Mr. Dmitry Kotlyarenko, and/or Mr. Valery Nosov, and/or the Related Companies,

(vi)    all documents relating to, and/or mentioning the Defendants' 1, and/or 2 assets, and/or those of Mr. Dmitry Kotlyarenko, and/or of Mr. Valery Nosov in Cyprus and/or anywhere else in the world, whether these assets be in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or under a trust or as another form of ownership, or directly or indirectly through other natural or legal entities.

5.    An order is issued by which the Court orders Defendants 29 and 30and each Defendant separately, within 14 days from the date of service of the order to produce an affidavit and deliver it to the Applicants' lawyers, which said affidavit discloses, and to which are attached, copies of all documents it has in its control, power or possession (including, without restriction, documents that its employees have in their control, power or possession), and which are associated with the bank accounts in the name of the Defendants 1 – 15, and/or of any of these Defendants separately, and/or of Mr. Dmitry Kotlyarenko, and/or of Mr. Valery Nosov, and/or of which bank accounts the Defendants 1 – 15, and/or any of these Defendants separately, and/or Mr. Dmitry Kotlyarenko, and/or Mr Valery Nosov are the ultimate beneficiaries, whether these accounts are in their name or in the name of other individuals, or belong to them exclusively or jointly or separately, as a whole or under a trust or as another form of ownership, or directly or indirectly through other natural or legal entities, including, without restriction, banking statements, documents mentioning the ultimate beneficiaries and administrators of those

accounts, documents that were used for the opening of the account, banking statements, and money transfer orders.

6.   The costs of the application as will be calculated by the Registrar and approved by the Court shall be in the cause of the action. The costs that Defendants 16-19 and 23-30 will incur for the purpose of complying with the Norwich Pharmacal orders are against the Applicants.

Issued on 6.3.2013
Drawn up on 7.3.2013

(Sgn) K. Stamatiou, PDC

TRUE COPY
REGISTRAR

ENDORSMENT: If you the above Defendants 1 JANNA BULLOCK, 2 ALEXEY KUZNETSOV, 3 LAZIAR HOLDINGS LTD, 4 NOVA PROVA ENGINEERING LTD, 5 NOGION HOLDINGS LTD, 6 NAKODA LIMITED, 7 ALCORK LTD, 8 HITNELL LTD, 9 ELMWOOD VENTURES LTD, 10 SOLFERINO DEVELOPMENTS S.A., 11 SARL PRALONG, 12 SARL CRYSTAL, 13 SCI CHATEU DU PUY ROBERT, 14 EURL SOCIETE D'EXPLOITATION DE L'HOTEL CHATEU DU PUY ROBERT, 15 SAS SOCIETE DES HOTELS D'ALTITUDE, 16 C.P. PALEMA LIMITED, 17 C.P. PALEMA SERVICES LIMITED 18 CYPROMAN SERVICES LIMITED, 19 CHARAMBOS PAPAS, a.k.a. PAMBOS PAPAS, 20 ZOULIAN MANAGEMENT LIMITED, 21 ZOULIAN LIMITED, 22 ELENI KINANI, 23 MARIA ATZINI, 24 GIANNA ANTONIOU, 25, AFRODITI DIMITRIOU, 26 GEORGIA MICHAIL, 27 CHRISTIANA CHRISTOU, 28 PANIKOS SYMEOU, 29 CYPRUS POPULAR BANK PUBLIC CO LIMITED, 30. HELLENIC BANK PUBLIC COMPANY LIMITED and each of you separately, directly or indirectly, through your employees, servants, representatives, agents or any other person, physical or corporate, in any way, fail to obey the abovementioned order you will be subject to arrest and your property subject to seizure.

REGISTRAR

Legal – 3023738.1

ΕΠΑΡΧΙΑΚΟ ΔΙΚΑΣΤΗΡΙΟ ΛΕΜΕΣΟΥ
ΕΝΩΠΙΟΝ: Κ. ΣΤΑΜΑΤΙΟΥ, Π.Ε.Δ.

Αρ. Αγωγής: 3573/2012

ΜΕΤΑΞΥ:   1. GORSOAN LIMITED
          2. GAZPROMBANK OJSC

ΕΝΑΓΟΝΤΩΝ

Και

1. JANNA BULLOCK
2. ALEXEY KUZNETSOV
3. LAZIAR HOLDINGS LIMITED
4. NOVA PROVA ENGINEERING LIMITED
5. NOGION HOLDINGS LIMITED
6. NAKODA LIMITED
7. ALCORK LIMITED
8. HITNELL LIMITED
9. ELMWOOD VENTURES LIMITED
10. SOLFERINO DEVELOPMENTS S.A.
11. SARL PRALONG
12. SARL CRYSTAL
13. SCI CHATEAU DU PUY ROBERT
14. EURL SOCIETE D'EXPLOITATION' DE L' HOTEL CHATEAU DU PUY ROBERT
15. SAS SOCIETE DES HOTELS D'ALTITUDE
16. C.P. PALEMA LIMITED
17. C.P. PALEMA SERVICES LIMITED
18. CYPROMAN SERVICES LIMITED
19. ΧΑΡΑΛΑΜΠΟΣ ΠΑΠΑΣ ΑΛΛΩΣ ΠΑΜΠΟΣ ΠΑΠΑΣ
20. ZOULIAN MANAGEMENT LIMITED
21. ZOULIAN LIMITED
22. ΕΛΕΝΗ ΚΙΝΑΝΗ
23. ΜΑΡΙΑ ΑΤΖΙΝΗ
24. ΓΙΑΝΝΑ ΑΝΤΩΝΙΟΥ
25. ΑΦΡΟΔΙΤΗ ΔΗΜΗΤΡΙΟΥ
26. ΓΕΩΡΓΙΑ ΜΙΧΑΗΛ
27. ΧΡΙΣΤΙΑΝΑ ΧΡΙΣΤΟΥ
28. ΠΑΝΙΚΟΣ ΣΥΜΕΟΥ
29. CYPRUS POPULAR BANK PUBLIC CO LIMITED
30. HELLENIC BANK PUBLIC COMPANY LIMITED

ΕΝΑΓΟΜΕΝΩΝ

ΑΙΤΗΣΗ από τους Ενάγοντες (1) GORSOAN LIMITED και (2) GAZPROMBANK OJSC,
Ενάγοντες/Αιτητές

Μετά από ακρόαση της αιτήσεως αυτής στην παρουσία του κ. Τσιρίδη και του κ. Δράκου για κ.κ. Κώστας Τσιρίδης & Σία ΔΕΠΕ και Δράκος & Ευθυμίου ΔΕΠΕ (για ν'ακούσει απόφαση κ. Α. Τσιρίδης) δικηγόροι για τους Ενάγοντες αρ.1 και 2- Αιτητές, του κ. Δημητριάδη δικηγόρου για Εναγόμενους αρ. 1, 3-5 και 7-15/Καθ'ων η Αίτηση (για ν'ακούσει απόφαση η κα. Ν. Ηροδότου), της κα. Παπά για Α. Σοφοκλέους & Σία δικηγόροι για Εναγόμενου αρ.16-19 και 23-27/Καθ'ων η Αίτηση, της κα. Ηροδότου για κ.κ. Συμεού και Κονναρή ΔΕΠΕ δικηγόροι για Εναγόμενο αρ.28/Καθ'ού η Αίτηση, της κα. Στιβαρού για Ιωαννίδη Δημητρίου ΔΕΠΕ δικηγόροι για Εναγομένη αρ.29/Καθ'ης η Αίτηση (για ν'ακούσει απόφαση ο κ. Αγιομαμίτης) και της κα. Κωνσταντίνου για κ.κ. Μαρκίδη Μαρκίδη & Σία ΔΕΠΕ δικηγόροι για Εναγομένη αρ.30/Καθ'ης η Αίτηση και μετά την ακρόαση των ισχυρισμών υπό ή εκ μέρους των διαδίκων αντιστοίχως,

.../2

Το Δικαστήριο αυτό ΔΙΑ ΤΟΥ ΠΑΡΟΝΤΟΣ ΔΙΑΤΑΤΤΕΙ ΟΠΩΣ:

1. Το Διάταγμα της παραγράφου αρ.1 όπως έχει διαμορφωθεί από το Δικαστήριο στις 14/08/2012, καταστεί και δια του παρόντος καθίσταται απόλυτο.

2. Εκδοθεί και δια του παρόντος εκδίδεται διάταγμα του Δικαστηρίου το οποίο διατάττει τους Εναγόμενους 1 μέχρι 15 και στον κάθε ένα από αυτούς, όπως εντός 14 μερών από την ημερομηνία επίδοσης αυτού του διατάγματος αποκαλύψουν με ένορκη δήλωση όλα τα περιουσιακά τους στοιχεία στην Κύπρο και/ή οπουδήποτε στον κόσμο που έχουν αξία μεγαλύτερη των €10,000 και την τοποθεσία τους, είτε αυτά τα περιουσιακά τους στοιχεία τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών και περαιτέρω όπως επισυνάψουν στην εν λόγω ένορκη δήλωση όλα τα σχετικά έγγραφα που τεκμηριώνουν την ύπαρξη και τοποθεσία των εν λόγω περιουσιακών στοιχείων.

3. Εκδοθεί και δια του παρόντος εκδίδεται διάταγμα του Δικαστηρίου το οποίο διατάττει τους Εναγομένους 16 μέχρι 19, και 23 μέχρι 27 και τον κάθε ένα από αυτούς όπως εντός 14 ημερών από την ημερομηνία επίδοσης του διατάγματος προβεί σε ένορκη δήλωση και να την παραδώσει στους δικηγόρους των Εναγόντων, στην οποία ένορκη δήλωση να αποκαλύπτει και να επισυνάπτει αντίγραφα όλων των εγγράφων που έχει στον έλεγχο, εξουσία ή κατοχή του (περιλαμβανομένων, άνευ περιορισμού, εγγράφων που είναι στην κατοχή, έλεγχο ή εξουσία των υπαλλήλων του) τα οποία:
α)σχετίζονται με τους Εναγόμενους 3 ως 15 και/ή με οποιονδήποτε από αυτούς συμπεριλαμβανομένων, άνευ περιορισμού:
i.όλων των εγγράφων που δείχνουν το πραγματικό ιδιοκτησιακό καθεστώς των Εναγομένων 3 ως 15 και/ή οποιουδήποτε από αυτούς, τους πραγματικούς ιδιοκτήτες και/ή τελικούς δικαιούχους (ultimate beneficial owners) αυτών, τα πλήρη στοιχεία ταυτότητας των εν λόγω τελικών δικαιούχων, τις διευθύνσεις τους και/ή τα στοιχεία επικοινωνίας τους όπως και σχετικά έγγραφα καταπιστεύματος (trust deeds),

ii. όλων των εγγράφων που αφορούν τραπεζικούς λογαριασμούς στην Κύπρο και/ή οπουδήποτε αλλού στον κόσμο που ανήκουν άμεσα ή έμμεσα, εξ ολοκλήρου ή εν μέρει, και ωφέλιμα ή άλλως πως, στους Εναγόμενους 3 ως 15 και/ή σε οποιονδήποτε από αυτούς, συμπεριλαμβανομένων, άνευ περιορισμού, όλων των εγγράφων που κατατέθηκαν και/ή υποβλήθηκαν από τους Εναγόμενους 16 μέχρι 19, και 23 μέχρι 27 και/ή από οποιονδήποτε από αυτούς για το άνοιγμα τραπεζικών λογαριασμών στο όνομα ή προς όφελος ή για την χρήση των Εναγόμενων 3 ως 15 και/ή οποιουδήποτε από αυτούς, σχετικών εταιρικών εγγράφων αναφορικά με το άνοιγμα ή τη διαχείριση των εν λόγω τραπεζικών λογαριασμών, εγγράφων που δείχνουν τους διαχειριστές (signatories) των εν λόγω τραπεζικών λογαριασμών, και τα πλήρη στοιχεία αυτών, και τραπεζικών καταστάσεων και/ή άλλων εγγράφων όπως αποδείξεις εμβασμάτων και/ή πληρωμών,

.../3



-3-

   iii. όλων των οδηγιών που έλαβαν οι Εναγόμενοι 16 μέχρι 19, και 23 μέχρι 27 ή οποιοσδήποτε από αυτούς από οποιοδήποτε πρόσωπο με οποιοδήποτε μέσο (συμπεριλαμβανομένου email, φαξ ή άλλου μέσου) αναφορικά με τη διαχείριση των Εναγομένων 3 ως 15, και/ή οποιουδήποτε από αυτούς ξεχωριστά, συμπεριλαμβανομένων, άνευ περιορισμού, οδηγιών για συναλλαγές, καταθέσεις, αναλήψεις, μεταβιβάσεις, συμβάσεις ή για οποιοδήποτε άλλο θέμα οποιασδήποτε φύσης,

   iv. όλων των εγγράφων που αφορούν, και/ή δείχνουν, τα περιουσιακά στοιχεία που έχουν οι Εναγόμενοι 3 ως 15 και/ή οποιοσδήποτε από αυτούς στην Κύπρο και/ή οπουδήποτε στον κόσμο, είτε αυτά τα περιουσιακά στοιχεία είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών.

  b. σχετίζονται με οποιοδήποτε από τα πρόσωπα που ήταν ιδιοκτήτες και/ή τελικοί δικαιούχοι (ultimate beneficial owners):

   i. της Εναγόμενης 6 κατά την περίοδο 21.12.2005 μέχρι σήμερα,

   ii. της Εναγόμενης 4 κατά την περίοδο 20.06.2007 – 17.09.2007,

   iii. της Εναγόμενης 5 κατά την περίοδο 09.05.2006 – 17.07.2009,

   iv. της Εναγόμενης 3 κατά την περίοδο 07.12.2006 μέχρι σήμερα,

   v. των Εναγομένων 7 ως 15 από την ίδρυση τους μέχρι σήμερα, συμπεριλαμβανομένων, άνευ περιορισμού, όλων των εγγράφων που αφορούν εταιρείες που ανήκουν ή ανήκαν στους εν λόγω ιδιοκτήτες και/ή τελικούς δικαιούχους (ultimate beneficial owners) είτε αυτές οι εταιρείες είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών.

  c. σχετίζονται με τους Εναγόμενους 1 και/ή 2 και/ή με τον κ. Dmitry Kotlyarenko και/ή με τον κ. Valery Nosov, συμπεριλαμβανομένων, άνευ περιορισμού:

   i. όλων των εγγράφων που δείχνουν τα πλήρη στοιχεία ταυτότητας των Εναγομένων 1 και/ή 2, και/ή τις διευθύνσεις τους και/ή τα στοιχεία επικοινωνίας τους,

   ii. όλων των εγγράφων που αφορούν εταιρείες (οι «Σχετικές Εταιρείες») (α) που ανήκουν στους Εναγόμενους 1 και/ή 2 και/ή στον κ. Dmitry Kotlyarenko και/ή στον κ. Valery Nosov, και/ή (β) των οποίων οι Εναγόμενοι 1 και/ή 2 και/ή ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov είναι τελικοί δικαιούχοι (είτε αυτές οι εταιρείες είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών), και/ή (γ) στις οποίες οι Εναγόμενοι 1 και/ή 2 και/ή ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov κατέχουν αξίωμα,

…/4

-4-

iii. όλων των εγγράφων που αφορούν τραπεζικούς λογαριασμούς στην Κύπρο και/ή οπουδήποτε αλλού στον κόσμο που ανήκουν άμεσα ή έμμεσα, εξ ολοκλήρου ή εν μέρει, και ωφέλιμα ή άλλως πως, στους Εναγόμενους 1 και/ή 2 και/ή στον κ. Dmitry Kotlyarenko και/ή στον κ. Valery Nosov, συμπεριλαμβανομένων, άνευ περιορισμού, όλων των εγγράφων που κατατέθηκαν και/ή υποβλήθηκαν από τους Εναγόμενους 16 μέχρι 19, και 23 μέχρι 27 και/ή από οποιονδήποτε από αυτούς για το άνοιγμα τραπεζικών λογαριασμών στο όνομα ή προς όφελος ή για την χρήση των Εναγομένων 1 και/ή 2 και/ή για την χρήση του κ. Dmitry Kotlyarenko και/ή για την χρήση του κ. Valery Nosov, σχετικών εταιρικών εγγράφων αναφορικά με το άνοιγμα ή τη διαχείριση των εν λόγω τραπεζικών λογαριασμών, εγγράφων που δείχνουν τους διαχειριστές (signatories) των εν λόγω τραπεζικών λογαριασμών, και τα πλήρη στοιχεία αυτών, και τραπεζικών καταστάσεων και/ή άλλων εγγράφων όπως αποδείξεις εμβασμάτων και/ή πληρωμών,

iv. όλων των επικοινωνιών που οι Εναγόμενοι 16 μέχρι 19, και 23 μέχρι 27 ή οποιοσδήποτε από αυτούς είχαν με, και οδηγιών που έλαβαν από, τους Εναγόμενους 1 και/ή 2 και/ή από τον κ. Dmitry Kotlyarenko και/ή από τον κ. Valery Nosov με οποιοδήποτε μέσο (συμπεριλαμβανομένου email, φαξ ή άλλου μέσου),

v. όλων των επικοινωνιών που οι Εναγόμενοι 16 μέχρι 19, και 23 μέχρι 27 ή οποιοσδήποτε από αυτούς είχαν με, και οδηγιών που έλαβαν από, οποιοδήποτε πρόσωπο με οποιοδήποτε μέσο (συμπεριλαμβανομένου email, φαξ ή άλλου μέσου) που αφορά τους Εναγόμενους 1 και/ή 2 και/ή τον κ. Dmitry Kotlyarenko και/ή τον κ. Valery Nosov και/ή τις Σχετικές Εταιρείες,

vi. όλων των εγγράφων που σχετίζονται με, και/ή δείχνουν, τα περιουσιακά στοιχεία που έχουν οι Εναγόμενοι 1 και/ή 2 και/ή ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov στην Κύπρο και/ή οπουδήποτε στον κόσμο, είτε αυτά τα περιουσιακά στοιχεία είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών.
Νοείται ότι η υποχρέωση των Εναγομένων 16-19 και 23-27 περιορίζεται σε έγγραφα και πληροφορίες σχετικά με τα πιο θέματα που ευρίσκονται στην κατοχή τους σήμερα.

4. Εκδοθεί και δια του παρόντος εκδίδεται διάταγμα του Δικαστηρίου το οποίο διατάττει τον Εναγόμενο 28 όπως εντός 14 ημερών από την ημερομηνία επίδοσης του διατάγματος προβεί σε ένορκη δήλωση και να την παραδώσει στους δικηγόρους των Εναγόντων, στην οποία ένορκη δήλωση να αποκαλύπτει και να επισυνάπτει αντίγραφα όλων των εγγράφων που έχει στον έλεγχο, εξουσία ή κατοχή του (περιλαμβανομένων, άνευ περιορισμού, εγγράφων που είναι στην κατοχή, έλεγχο ή εξουσία των υπαλλήλων του) τα οποία:

a. σχετίζονται με τους Εναγόμενους 7 ως 9 και/ή με οποιοδήποτε από αυτούς συμπεριλαμβανομένων, άνευ περιορισμού:

i. όλων των εγγράφων που δείχνουν το πραγματικό ιδιοκτησιακό καθεστώς των Εναγομένων 7 ως 9, και/ή οποιουδήποτε από αυτούς, τους πραγματικούς ιδιοκτήτες και/ή τελικούς δικαιούχους (ultimate beneficial owners) αυτών, τα πλήρη στοιχεία ταυτότητας των εν λόγω τελικών δικαιούχων, τις διευθύνσεις τους και/ή τα στοιχεία επικοινωνίας τους όπως και σχετικά έγγραφα καταπιστεύματος (trust deeds),

…/5



-5-

   ii.   όλων των εγγράφων που αφορούν τραπεζικούς λογαριασμούς στην Κύπρο και/ή οπουδήποτε αλλού στον κόσμο που ανήκουν άμεσα ή έμμεσα, εξ ολοκλήρου ή εν μέρει, και ωφέλιμα ή άλλως πως, στους Εναγομένους 7 ως 9, και/ή σε οποιονδήποτε από αυτούς, συμπεριλαμβανομένων, άνευ περιορισμού, όλων των εγγράφων που κατατέθηκαν και/ή υποβλήθηκαν από τον Εναγόμενο 28 για το άνοιγμα τραπεζικών λογαριασμών στο όνομα ή προς όφελος ή για την χρήση των Εναγομένων 7 ως 9, και/ή οποιουδήποτε από αυτούς, σχετικών εταιρικών εγγράφων αναφορικά με το άνοιγμα ή τη διαχείριση των εν λόγω τραπεζικών λογαριασμών, εγγράφων που δείχνουν τους διαχειριστές (signatories) των εν λόγω τραπεζικών λογαριασμών, και τα πλήρη στοιχεία αυτών, και τραπεζικών καταστάσεων και/ή άλλων εγγράφων όπως αποδείξεις εμβασμάτων και/ή πληρωμών,

   iii.   όλων των οδηγιών που έλαβε ο Εναγόμενος 28 από οποιοδήποτε πρόσωπο με οποιοδήποτε μέσο (συμπεριλαμβανομένου email, φαξ ή άλλου μέσου) αναφορικά με τη διαχείριση των Εναγομένων 7 ως 9 και/ή οποιουδήποτε από αυτούς συμπεριλαμβανομένων, άνευ περιορισμού, οδηγιών για συναλλαγές, καταθέσεις, αναλήψεις, μεταβιβάσεις, συμβάσεις ή για οποιοδήποτε άλλο θέμα οποιασδήποτε φύσης,

   iv.   όλων των εγγράφων που αφορούν και/ή δείχνουν τα περιουσιακά στοιχεία που έχουν οι Εναγόμενοι 7 – 9 ή οποιοσδήποτε από αυτούς στην Κύπρο και/ή οπουδήποτε στον κόσμο, είτε αυτά τα περιουσιακά στοιχεία είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών.

  b.  σχετίζονται με τους Εναγόμενους 1 και/ή 2 και/ή τον κ. Dmitry Kotlyarenko και/ή τον κ. Valery Nosov συμπεριλαμβανομένων, άνευ περιορισμού:

   i.   όλων των εγγράφων που δείχνουν τα πλήρη στοιχεία ταυτότητας των Εναγομένων 1 και/ή 2 τις διευθύνσεις τους και/ή τα στοιχεία επικοινωνίας τους,

   ii.   όλων των εγγράφων που αφορούν εταιρείες (οι «Σχετικές Εταιρείες») που ανήκουν στους Εναγόμενους 1 και/ή 2 και/ή στον κ. Dmitry Kotlyarenko και/ή στον κ. Valery Nosov και/ή των οποίων οι Εναγόμενοι 2 και/ή 2 ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov είναι τελικοί δικαιούχοι (είτε αυτές οι εταιρείες είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών) και/ή στις οποίες οι Εναγόμενοι 1 και/ή 2 και/ή ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov κατέχουν αξίωμα,

…/6

-6-

iii. όλων των εγγράφων που αφορούν τραπεζικούς λογαριασμούς στην Κύπρο και/ή οπουδήποτε αλλού στον κόσμο που ανήκουν άμεσα ή έμμεσα, εξ ολοκλήρου ή εν μέρει, και ωφέλιμα ή άλλως πως, στους Εναγόμενους 1 και/ή 2 και/ή στον κ. Dmitry Kotlyarenko και/ή στον κ. Valery Nosov, συμπεριλαμβανομένων, άνευ περιορισμού, όλων των εγγράφων που κατατέθηκαν και/ή υποβλήθηκαν από τον Εναγόμενο 28 για το άνοιγμα τραπεζικών λογαριασμών στο όνομα ή προς όφελος ή για την χρήση των Εναγομένων 1 και/ή 2 και/ή του κ. Dmitry Kotlyarenko και/ή του κ. Valery Nosov, σχετικών εταιρικών εγγράφων αναφορικά με το άνοιγμα ή τη διαχείριση των εν λόγω τραπεζικών λογαριασμών, εγγράφων που δείχνουν τους διαχειριστές (signatories) των εν λόγω τραπεζικών λογαριασμών, και τα πλήρη στοιχεία αυτών, και τραπεζικών καταστάσεων και/ή άλλων εγγράφων όπως αποδείξεις εμβασμάτων και/ή πληρωμών,

iv. όλων των επικοινωνιών που είχε ο Εναγόμενος 28 με, και οδηγιών που έλαβε από, τους Εναγόμενους 1 και/ή 2 και/ή από τον κ. Dmitry Kotlyarenko και/ή από τον κ. Valery Nosov με οποιοδήποτε μέσο (συμπεριλαμβανομένου email, φαξ ή άλλου μέσου),

v. όλων των επικοινωνιών που είχε ο Εναγόμενος 28 με, και οδηγιών που έλαβε από, οποιοδήποτε πρόσωπο με οποιοδήποτε μέσο (συμπεριλαμβανομένου email, φαξ ή άλλου μέσου) που αφορά τους Εναγόμενους 1 και/ή 2 και/ή τον κ. Dmitry Kotlyarenko και/ή τον κ. Valery Nosov και/ή τις Σχετικές Εταιρείες,

vi. όλων των εγγράφων που σχετίζονται με, και/ή δείχνουν, τα περιουσιακά στοιχεία που έχουν οι Εναγόμενοι 1 και/ή 2 και/ή ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov στην Κύπρο και/ή οπουδήποτε στον κόσμο, είτε αυτά τα περιουσιακά στοιχεία είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών.

5. Εκδοθεί και δια του παρόντος εκδίδεται διάταγμα του Δικαστηρίου το οποίο διατάττει τους Εναγόμενους 29 και 30 και τον κάθε ένα από αυτούς όπως εντός 14 ημερών από την ημερομηνία επίδοσης του διατάγματος προβεί σε ένορκη δήλωση και να την παραδώσει στους δικηγόρους των Εναγόντων, η οποία ένορκη δήλωση να αποκαλύπτει και να επισυνάπτει αντίγραφα όλων των σχετικών εγγράφων που έχει στον έλεγχο, εξουσία ή κατοχή του (περιλαμβανομένων, άνευ περιορισμού, εγγράφων που είναι στην κατοχή, έλεγχο ή εξουσία των υπαλλήλων του) και τα οποία αφορούν τραπεζικούς λογαριασμούς που ανήκουν στους Εναγόμενους 1 ως 15 και/ή σε οποιονδήποτε από αυτούς και/ή στον κ. Dmitry Kotlyarenko και/ή στον κ. Valery Nosov και/ή των οποίων οι Εναγόμενοι 1 ως 15 και/ή οποιοσδήποτε από αυτούς και/ή ο κ. Dmitry Kotlyarenko και/ή ο κ. Valery Nosov είναι τελικοί δικαιούχοι, είτε αυτοί οι τραπεζικοί λογαριασμοί είναι στο όνομα τους ή στο όνομα άλλων ατόμων, είτε τους ανήκουν αποκλειστικά ή από κοινού ή κεχωρισμένα, απόλυτα ή λόγω εμπιστεύματος ή άλλης μορφής ιδιοκτησίας και άμεσα ή έμμεσα μέσω άλλων προσώπων ή εταιρειών, συμπεριλαμβανομένων άνευ περιορισμού τραπεζικών καταστάσεων, έγγραφα που δείχνουν τους τελικούς δικαιούχους και διαχειριστές των εν λόγω λογαριασμών, έγγραφα που χρησιμοποιήθηκαν για το άνοιγμα του λογαριασμού, τραπεζικές καταστάσεις και εντολές για μεταφορά χρημάτων.

.../7



-7-

6. Τα έξοδα της αίτησης όπως θα υπολογισθούν από τον Πρωτοκολλητή και θα εγκριθούν από το Δικαστήριο θα είναι στην πορεία της αγωγής. Τα δε έξοδα που θα επωμισθούν οι Εναγόμενοι 16-19 και 23-30 για σκοπούς συμμόρφωσης με τα διατάγματα τύπου Norwich επιδικάζονται εναντίον των Αιτητών.

ΕΚΔΟΘΗΚΕ ΤΗΝ: 06.03.2013
ΣΥΝΤΑΧΘΗΚΕ ΤΗΝ: 07.03.2013

(Υπ.) Κ. ΣΤΑΜΑΤΙΟΥ, Π.Ε.Δ.

ΠΙΣΤΟΝ ΑΝΤΙΓΡΑΦΟ

ΠΡΩΤΟΚΟΛΛΗΤΗΣ

ΟΠΙΣΘΟΓΡΑΦΗΣΗ: Εάν εσείς οι πιο πάνω Εναγόμενοι αρ.1 JANNA BULLOCK, αρ.2 ALEXEY KUZNETSOV, αρ.3 LAZIAR HOLDINGS LIMITED, αρ.4 NOVA PROVA ENGINEERING LIMITED, αρ.5 NOGION HOLDINGS LIMITED, αρ.6 NAKODA LIMITED, αρ.7 ALCORK LIMITED, αρ.8 HITNELL LIMITED, αρ.9 ELMWOOD VENTURES LIMITED, αρ.10 SOLFERINO DEVELOPMENTS S.A., αρ.11 SARL PRALONG, αρ.12 SARL CRYSTAL, αρ.13 SCI CHATEAU DU PUY ROBERT, αρ.14 EURL SOCIETE D'EXPLOITATION' DE L' HOTEL CHATEAU DU PUY ROBERT, αρ.15 SAS SOCIETE DES HOTELS D'ALTITUDE, αρ.16 C.P. PALEMA LIMITED , αρ.17 C.P. PALEMA SERVICES LIMITED, αρ.18 CYPROMAN SERVICES LIMITED, αρ.19 ΧΑΡΑΛΑΜΠΟΣ ΠΑΠΑΣ ΑΛΛΩΣ ΠΑΜΠΟΣ ΠΑΠΑΣ και αρ.23 ΜΑΡΙΑ ΑΤΖΙΝΗ, αρ.24 ΓΙΑΝΝΑ ΑΝΤΩΝΙΟΥ, αρ.25 ΑΦΡΟΔΙΤΗ ΔΗΜΗΤΡΙΟΥ,αρ. 26 ΓΕΩΡΓΙΑ ΜΙΧΑΗΛ, αρ.27 ΧΡΙΣΤΙΑΝΑ ΧΡΙΣΤΟΥ , αρ.28 ΠΑΝΙΚΟΣ ΣΥΜΕΟΥ, αρ. 29 CYPRUS POPULAR BANK PUBLIC CO LIMITED και αρ. 30 HELLENIC BANK PUBLIC COMPANY LIMITED και στον κάθε ένα από εσάς, άμεσα ή έμμεσα, δια μέσω των εργαζομένων σας, υπηρετών σας, εκπροσώπων σας, αντιπροσώπων σας ή οποιουδήποτε άλλου προσώπου νομικού ή φυσικού, με οποιοδήποτε τρόπο, αμελήσετε να υπακούσετε στο αναφερόμενο διάταγμα σεις μεν υπόκεισθε σε σύλληψη η δε περιουσία σας σε κατάσχεση.

ΠΡΩΤΟΚΟΛΛΗΤΗΣ
ΛΜ