EXHIBIT 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re App. of Gorsoan Ltd. and Gazprombank OJSC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  13-mc-00397-P1 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Janna Bullock
120 East 87th Street, New York, NY 10128

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See the deposition topics on the attached Schedule A.

| Place: White & Case LLP<br>1155 Ave of the Americas<br>New York, NY 10036 | Date and Time:<br>01/06/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:  __STENOGRAPHIC TRANSCRIPTION & VIDEOTAPED__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See the documents requested on the attached Schedule A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/5/2013

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   __Gorsoan Limited and Gazprombank OJSC__                              , who issues or requests this subpoena, are:
Owen C. Pell (opell@whitecase.com) and Max Shterngel (mshterngel@whitecase.com),
White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036. Telephone: 212-819-8200

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 13-mc-00397-P1

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SUBPOENA OF JANNA BULLOCK

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, servants, employees, attorneys, representatives, consultants, accountants, investigators predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

2. The term "you," "your," "Bullock," and any synonym thereof and derivatives therefrom means Janna Bullock.

3. The terms "document" and "documents" mean any and all items referred to as "documents" in Fed. R. Civ. P. 34 and as "writings" and "recordings" in Rule 1001 of the Federal Rules of Evidence. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence, internal communications, telegrams, cables, telexes, e-mail, ledger books, contracts, statements, memoranda, summaries of records of conversations, diaries, reports, charts, tags, stickers, labels, cartons, boxes, art work, mockup labels, films, video tapes, audio tapes, phonograph records, compact disks, digital video disks, drawings, graphs, photographs, microfilm, minutes or records of meetings, reports and/or summaries of interviews or investigations, opinions and/or reports and/or studies of experts or consultants, agreements, reports and/or studies from County personnel, legislative, administrative and/or policy documents, including but not limited to, ordinances, resolutions, administrative orders or memoranda, notebooks, letters, advertisements, promotional literature, trade letters, press releases, proxy statements, prospectuses, stock certificates, books of account,

ledgers, invoices, financial statements, purchase orders, receipts, canceled checks and any other data compilations from which information can be obtained or translated through detection devices into usable form. The term "document" shall include data stored, maintained or organized electronically, magnetically or through the use of computer equipment (including back-up tapes), translated, if necessary, into reasonably usable form.

4. "Communication" is used in its broadest sense and includes, but is not limited to, any oral or written transmittal of information or request for information made from one person to another, whether made in person, by telephone, email, or by any other means, or a document as defined above, made for the purpose of recording a communication, idea, statement, opinion, or belief.

5. "Reflecting," "referring to," "relating to," and "reflecting, referring and/or relating to," mean evidencing, discussing, defining, mentioning, pertaining to, consisting of, reflecting, concerning, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

6. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

7. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

8. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

9. "Including" shall be construed to include the phrase "without limitation."

2

10. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

11. To the extent a request calls for the production of documents or things you contend are subject to a privilege or immunity from discovery, your written response to the request should so indicate, but you are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, you are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

12. "Freezing and Disclosure Order" shall mean that order issued on March 6, 2013 by the District Court of Limassol in Cyprus in Action No. 3573/2012, with which you were personally served on April 24, 2013.

13. For each document or thing requested that you object to producing on the basis of any privilege or immunity from discovery, please provide the following information:

    a. The basis for the privilege being invoked;

    b. The date of the document;

    c. The title of the document (if any);

    d. The name of the person(s) authoring the document;

    e. The name of the person(s) to whom the document and/or any copies thereof were given or transmitted;

  f.   The present location and custodian of the document, or any copies thereof; and

  g.   The general subject matter dealt with in the document with reasonable specificity.

## ELECTRONIC DOCUMENTS

1.   Electronic Documents should be produced in a format that can be loaded into Summation 2.9. That format is: (1) single page tiff files at 300 dpi/group IV located in a folder directory and OCR/Extracted text for every page in .txt format and residing with the matching tiff image in the designated folder; (2) data file that has a field delimiter of ⌑ (Character 124) and Text Delimiter ^ (Character 94) and contains all metadata and data fields including, but not limited to, DOCID, EndDoc#, Bates Attach First, Bates Attach Last, To, From, CC, BCC, Date Sent, time Sent, Doc Date, Custodian, File Name, Original File Path, Email Folder Path, Attach First, Attach Last, Native Link and File Type (e.g. email, attachment, edoc); accompanied by an @I .dii load file with NO @C information populated. The deliverable should also include native files for each edoc and attachment for which there is included in the data file a native link. Each electronic document should be identified by a unique number and part specific prefix.

## REQUESTED DOCUMENTS

1.   Documents sufficient to comply with paragraph 2 of the Freezing and Disclosure Order, by which you were ordered to provide information regarding your assets exceeding €10,000 in value anywhere in the world as of the date of your compliance with this subpoena (the "Assets"), including:

  (i).   the specific location of the Assets;
  (ii).   whether the Assets belong to you exclusively or jointly;
  (iii).   whether the Assets are held in trust or through another form of ownership; and
  (iv).   whether the Assets are held directly by you or indirectly through other natural or legal entities.

4

2. Documents describing the location and nature of any and all Assets (as defined in Request No. 1 above) held under the following three trusts:

   (i). The Golden Venture Trust (or any renamed incarnation of said trust structure);
   (ii). The Purple Trust (or any renamed incarnation of said trust structure); and
   (iii). The Azul Trust (or any renamed incarnation of said trust structure).

3. Documents relating to your financial, corporate, managerial and/or employment relationship (including any ownership and/or control, whether direct or indirect) with the following corporate entities between January 1, 2005 through to the date of your compliance with this subpoena:

   (i). RIGroup LLC;
   (ii). RIGroup Russia OOO; and
   (iii). IFC RIGroup Finance ZAO;

4. Documents relating to your financial, corporate, managerial and/or employment relationship (including any ownership and/or control, whether direct or indirect) with the following entities, from January 1, 2005 through to the date of your compliance with this subpoena:

   (i). Laziar Holdings Limited;
   (ii). Nova Prova Engineering Limited;
   (iii). Nogion Holdings Limited;
   (iv). Nakoda Limited;
   (v). Alcork Limited;
   (vi). Kitnell Limited;
   (vii). Elmwood Ventures Limited;
   (viii). Solferino Developments S.A.;
   (ix). SAS Société des Hôtels Pralong et Crystal 2000;
   (x). SARL Pralong;
   (xi). SARL Crystal;
   (xii). SCI Chateau Du Puy Robert;
   (xiii). EURL Société d'Exploitation de l'Hôtel Château du Puy Robert; and
   (xiv). SAS Société des Hôtels d'Altitude.

5. Documents relating to your financial, corporate, managerial and/or employment relationship (including any ownership and/or control, whether direct or indirect) with the following entities, from January 1, 2005 through to the date of your compliance with this subpoena:

   (i). Polintic Trading Limited;
   (ii). Trabol Holdings Ltd.;
   (iii). Monli Holdings Ltd.;
   (iv). Imperial Field Enterprises Ltd.;
   (v). Ammopia Management Limited;

5

(vi). Skeveor Enterprises Ltd.;
(vii). Terminus Trading Limited;
(viii). Menetes Enterprises Limited;
(ix). Hosbern Finance Limited;
(x). Adminico Nominees Limited;
(xi). Maicon Investments Limited;
(xii). Vixenbeidge Limited;
(xiii). Jarment Investments Limited (or Jarmen Investments Limited);
(xiv). Rution Management Limited;
(xv). Southwark Overseas Limited;
(xvi). Danfold Holdings Limited;
(xvii). Jaze Art Foundation Inc.
(xviii). 54 East 64th Street LLC;
(xix). 9 East 67th Street Realty LLC;
(xx). Malfort Business Inc.;
(xxi). Hotrast Consulting Limited;
(xxii). Barnsdale Intenational Limited;
(xxiii). Leiko S.A.;
(xxiv). Napton Investments Limited;
(xxv). Lahugral Limited;
(xxvi). Lysanflor Limited;
(xxvii). Celederia Investments Limited;
(xxviii). Gaildorf Limited;
(xxix). Linden Investments Limited;
(xxx). The Westbury Fund Limited;
(xxxi). Flodemer International Limited;
(xxxii). Vartberg Limited;
(xxxiii). Trot Trading Limited;
(xxxiv). Perla Developments Limited;
(xxxv). Topola Investments Limited;
(xxxvi). Royal Winner Trading Limied;
(xxxvii). Morris Invest Group Limited;
(xxxviii). WestLogistics B.V.; and
(xxxix). Retrex International Limited.

6. Documents relating to your knowledge of and/or involvment in the issuance of bonds, and the investment of the proceeds of the bonds, by the following entities at any time:

(i). Mortgage Company of the Moscow Region OAO (or "IKMO");
(ii). Moscow Region Mortgage Agency OAO (or "MOIA"); and
(iii). Moscow Region Investment Mortgage Company OAO (or "MOITK").

7. Documents reflecting your non-privileged Communications with the following Persons (as that term is defined in paragraph 10 above) relating to any of the matters referenced in Request Nos. 1-6 above, from January 1, 2005 through to the date of your compliance with this subpoena:

6

(i).     Alexey Kuznetsov;
(ii).    Liudmila Bezdel;
(iii).   Dmitry Kotlyarenko;
(iv).    Valery Nosov;
(v).     Stuart A. Smith;
(vi).    Zoe Bullock Remmel (a.k.a. Zoya Kuznetsova);
(vii).   C.P. Palema Limited;
(viii).  C.P. Palema Services Limited;
(ix).    Cyproman Services Limited;
(x).     Charambos Papas, a.k.a. Pampos Papas;
(xi).    Zoulian Management Limited;
(xii).   Zoulian Limited;
(xiii).  Eleni Kinani;
(xiv).   Maria Atzini;
(xv).    Gianna Antoniou;
(xvi).   Afroditi Dimitriou;
(xvii).  Georgia Michail;
(xviii). Christiana Christou;
(xix).   Panikos Symeou;
(xx).    Cyprus Popular Bank Public Co Limited; and
(xxi).   Hellenic Bank Public Company Limited.

## DEPOSITION TOPICS

1. Your knowledge of or participation in bond issuances, or the investment of the proceeds of the bonds, by IKMO or MOIA or MOITK.

2. Your financial, corporate, managerial and/or employment relationship with any of the Persons or entities listed in Requests Nos. 2, 3, 4 and 5 above.

3. Your involvement, if any, with Solferino Developments S.A. and/or its Board.

4. Information about your Assets as requested in Request Nos. 1 and 2 above.

7